UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MALLORY SIMPSON,

    Plaintiff,

v.

LIFESTYLES, LLC; LIFESTYLES,
SENIOR HOUSING MANAGERS, LLC;
COURTYARD SENIOR LIVING; and
UBALDO PASTRANA,

    Defendants.

Civil No. 07-1251-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    This action was filed on August 21, 2007. Plaintiff advances one federal law claim of sexual harassment under Title VII of the Civil Rights Act, and pendant state law claims alleging harassment, assault and intentional infliction of emotional distress. Specifically, plaintiff asserts that co-worker and defendant Ubaldo Pastrana (Pastrana) sexually assaulted her, and that the remaining defendants (hereinafter referred to as the corporate defendants) were aware of Pastrana's conduct against plaintiff and other females (including a resident of a nursing facility) but failed to prevent this conduct.

Page 1    OPINION AND ORDER

After seeking two extensions, the corporate defendants filed a Motion to Compel Arbitration and Stay Proceedings [12] on November 15, 2007.  It must be noted that these defendants request in the body of their briefing that this court issue an Order compelling *the plaintiff* to submit her claims to arbitration.  *See* Mot. to Compel Arbitration at 2; *see also* Dfts.' Reply at 10, fn. 6 (requesting that the motion "not be construed as a request for an order compelling a joint initiation of arbitration" but instead as a request that *plaintiff* be ordered to submit her claims to arbitration).

However, the corporate defendants titled their motion as a "Motion to Compel Arbitration and Stay Proceedings."  In support of this motion, counsel submitted a memorandum that made repeated references to the Arbitration Agreement (Agreement) between plaintiff and corporate defendants.  Mem. in Supp. at 2, 5, 6 (describing the Agreement as being attached as "Exhibit A" to counsel's supporting Declaration).

That Declaration asserts, conversely, that "Copies of the Arbitration Agreement and demand for arbitration are attached as Exhibits A and B, respectively, to the Memorandum in Support of Defendant's Motion to Compel Arbitration and Stay Proceedings."  Declar. of Francis T. Barnwell, Para. 2.

Neither the defendants' memorandum in support nor counsel's declaration, was filed with any attachments.  However, the court discovered a copy of the Agreement attached to a prior Declaration that counsel filed in support of the corporate defendants' "Second Motion for Extension of Time to Respond to Plaintiff's Complaint."

An examination of the Agreement between plaintiff and the corporate defendants establishes that these parties agreed that "any and all disputes or claims arising out of or in any

Page 2    OPINION AND ORDER

way related to . . . any condition of employment . . . not otherwise resolved through the Conflict Resolution Procedure set forth in the Employee Handbook, shall be determined by submission to final and binding arbitration, and not by lawsuit." *See* Ex. 1 to the Barnwell Declar. in Supp. of Dft. Lifestyles' Second Mot. for Extension of Time.  Notwithstanding defendants' requests that this court order plaintiff to submit her claims to arbitration, there is nothing in the parties' Agreement that mandates which party must initiate arbitration.  Under the "Employment Arbitration Rules and Mediation Procedures" of the American Arbitration Association (AAA), "initiation of arbitration" may occur in two ways: (1) the parties may submit "a joint request for arbitration" or (2) in absence of a joint request, the "initiating party" is required to file a written notice of its intention to arbitrate at any office of the AAA and provide copies to "the other party."  *See* Ex. 1, p.8 to Amended Declar. of Barbara J. Diamond.  Here, the corporate defendants seek to initiate arbitration of the claims raised by plaintiff's suit.

   Moreover, the Federal Arbitration Act (FAA) provides guidance regarding cases in which a party seeks redress under an arbitration agreement.  That statute states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed *in the manner provided for in such agreement* . . . .  The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement* . . . .

9 U.S.C. § 4 (emphasis provided).

   Accordingly, the corporate defendants' Motion to Compel Arbitration is construed precisely as it is titled – as an effort on the part of the corporate defendants to initiate arbitration,

Page 3  OPINION AND ORDER

a right that these defendants have bargained for in their Agreement with plaintiff. Neither the Agreement, nor the AAA Rules, nor any authority presented by defendants, supports the notion advanced by defendants that a party to an arbitration agreement can seek extensions for nearly two months after another party to that agreement has filed suit, and then obtain a court order requiring *the suing party* to submit her claims to arbitration.

Defendants' motion before this court seeks to "compel arbitration." Plaintiff objects. This court now turns to the merits of that motion.

Plaintiff opposes the corporate defendants' motion to compel arbitration on grounds that her suit asserts some claims against Ubaldo Pastrana, who is not a party to the Agreement between plaintiff and the corporate defendants that mandates arbitration. Plaintiff also contends that the arbitration agreement should be deemed unconscionable. For the following reasons, the corporate defendants' Motion to Compel Arbitration [12] is granted in part.

Plaintiff was hired by the corporate defendants in 2005, and – as noted above – entered into an employment contract that provided that disputes arising out of plaintiff's employment were subject to mandatory arbitration. *See* Ex. 1 to the Barnwell Decl. in Supp. of Dft. Lifestyles' Second Mot. for Extension of Time to Respond to Plaintiff's Complaint.

Evaluating a motion to compel arbitration requires a court to determine: "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id*. It is well-settled that where a contract contains an arbitration clause, there is a "presumption of arbitrability." *Comedy Club, Inc. v.*

*Improv West Assoc.*, 514 F.3d 833, 842 (9th Cir. 2007) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).  A request for an order compelling arbitration of a particular grievance "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute" and any doubts "should be resolved in favor of coverage."  *Id*. (internal quotation marks and citation omitted).

Arbitration agreements in employment contracts are plainly enforceable and are covered by the FAA.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (FAA provisions apply to arbitration agreements contained in employment contracts).  Moreover, "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

Plaintiff's objection that arbitration in this case is improper because defendant Pastrana is not a party to the Agreement between plaintiff and the corporate defendants is overruled.  Under the FAA, courts must enforce arbitration agreements notwithstanding the presence of persons who are parties to the underlying dispute but not to the arbitration agreement.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985) (recognizing a policy of enforcing arbitration agreements, even if enforcement results in piecemeal litigation occurring because of the presence of parties whose conduct is not subject to arbitration).  The Act leaves no room for the exercise of discretion by a district court, but instead mandates that a district court shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.  The Act's legislative purpose was to ensure judicial enforcement of privately made arbitration

agreements, regardless of whether an expeditious resolution of claims is promoted. *Id*. at 218-19.

In *Byrd*, the Supreme Court noted that the unfortunate result of bifurcated proceedings may occur after compelling arbitration "because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement." *Id*. at 221 (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983)). Accordingly, based on the mandatory nature of the FAA, an arbitration agreement must be enforced, regardless of the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.

Alternatively, plaintiff contends that the arbitration clause should be declared substantively unconscionable and unenforceable due to a fee-shifting provision. This argument is rejected in part.

Under Oregon law, unconscionability is evaluated by examining "the facts as they existed at the time the contract was formed." *Sprague v. Quality Restaurants Northwest, Inc.*, 162 P.3d 331, 333 (Or. Ct. App. 2007) (citing *Best v. U.S. Nat'l Bank*, 739 P.2d 554 (Or. 1987)). The party asserting unconscionability bears the burden of demonstrating that the arbitration clause is unconscionable. *Id*. (citation omitted). Oregon courts consider both procedural unconscionability (contract formation) and substantive unconscionability (contract terms), and consider a number of factors in making these evaluations:

> The primary focus . . . appears to be relatively clear: substantial disparity in bargaining power, combined with terms that are unreasonably favorable to the party with the greater power may result in a contract or contractual provision being unconscionable. Unconscionability may involve deception, compulsion, or lack of genuine consent, although usually not to the extent that would justify rescission under the principles applicable to that remedy.

> The substantive fairness of the challenged terms is always an essential issue.

*Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940, 948 (Or. Ct. App. 2007) (quoting *Carey v. Lincoln Loan Co.*, 125 P.3d 814, 828 (Or. Ct. App. 2005), *aff'd*, 157 P.3d 775 (2007); *see also Sprague*, 162 P.3d at 334.

An arbitration agreement is common and might not be any more unconscionable than the typical employment, consumer, or service contracts that are features of contemporary commercial life that Oregonians sign and Oregon courts enforce. *Sprague*, 162 P. 3d at 334. Plaintiff argues that the Agreement should be deemed unconscionable because its terms provide that the "Employer and Employee shall each bear their own costs relating to the arbitration, including their attorney fees." Plaintiff contends that this provision "shifts the costs of Plaintiff's prevailing party costs and attorney fees from Defendants to Plaintiff, including the costs of depositions, court reporter fees, and arbitrator costs." Plf.'s Response at 6.

Under Oregon law, an arbitration agreement requiring an employee to pay arbitrator's fees is invalid. *Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 874 (D. Or. 2002) (arbitration is supposed to be a reasonable substitute for a judicial forum, and an applicant for employment cannot be required to arbitrate public law claims if the arbitration agreement requires the employee to pay all or part of the arbitrator's fees and expenses) (quotations and citations omitted). An arbitration clause that is construed as silent on the question of fee allocation is not, however, *per se* unconscionable. *See Motsinger v. Lithia Rose-FT, Inc.*, 156 P.3d 156, 162 (Or. Ct. App. 2007). The *Motsinger* court relied upon the reasoning presented in *Green Tree Financial Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000), in which the Supreme Court considered an arbitration clause that was silent as to arbitration costs and held that silence

Page 7    OPINION AND ORDER

as to which party will bear the costs of arbitration is insufficient to render an arbitration clause unenforceable.

The *Motsinger* court agreed with the Supreme Court's reasoning that because the party bearing the burden of demonstrating that the arbitration clause was unconscionable failed to produce evidence that she would be subject to the costs of arbitration, or what those costs might be, invalidating the arbitration agreement was not warranted. *Motsinger*, 156 P.2d at 162 (quoting *Green Tree*, 531 U.S. at 90-91). The Oregon court adopted the Supreme Court's conclusion that an arbitration agreement's silence on the who would bear the cost of arbitration, alone, is "plainly insufficient to render it unenforceable," and the possibility that a plaintiff could be "saddled with prohibitive costs is too speculative to justify invalidation of an arbitration agreement." *Id*. (quoting *Green Tree*, 531 U.S. at 90-91). The court agrees with this reasoning.

The speculative nature of plaintiff's concerns is underscored by defendant's related acknowledgments and stipulations regarding costs. Defendants represent that the Agreement authorizes an arbitrator to provide all applicable remedies at law and equity, and that costs and fees are to be handled "in the same fashion as litigation" – initially, the parties are responsible for their own costs and attorney fees, and the arbitrator may later award plaintiff the recovery of costs and attorney fees. Dfts. Reply at 5. Moreover, defendants represent that plaintiff's filing fee is capped at $150 and also may be recoverable. "Other expenses, such as the $300 per day administrative hearing fee and the hearing room rental, are borne by the employer." *Id*. at 6 (citations omitted). Additionally, defendants acknowledge that the arbitrator's fees are paid by the employer. *Id*. at 7. Finally, there are no provisions in the Agreement that could be construed as limiting plaintiff's damages to actual and direct damages, or requiring plaintiff to pay half of

Page 8    OPINION AND ORDER

the arbitrator's fees, or requiring that the proceedings be kept confidential. *Id*. at 8. Given these specific representations, to which defendants are construed to have stipulated, plaintiff's objections regarding the possibility of unconscionable consequences arising out of the Agreement are overruled.

Finally, plaintiff objects to arbitration on grounds that defendants failed to initiate arbitration in a timely manner. Plaintiff contends that the applicable "statute of limitations in this case will run prior to the disposition of this motion." Plf.'s Resp. at 7. Plaintiff argues that defendants are "seeking to have these claims deferred to a jurisdiction which will reject them as time-barred." *Id*. Defendants describe this assertion as "nonsensical." Dfts. Reply at 9.

This court declines to speculate as to how an arbitrator might interpret and apply the appropriate statute of limitations. If, after defendants initiate arbitration (as is their right under the Agreement), it is determined that the initiation is untimely, then plaintiff may petition this court to lift the stay of this action. If such untimeliness is shown to be related to either (1) defendants' failure to initiate arbitration previously, or (2) the extensions of time obtained by defendants before filing this motion to compel arbitration, then this court will construe the corporate defendants to have constructively waived their rights to compel arbitration, and plaintiff may petition this court for an award of fees and costs incurred because of this motion and defendants' subsequent attempted initiation of arbitration.

**CONCLUSION**

The FAA leaves no room for the exercise of discretion by a district court regarding enforceable arbitration agreements. A court is required to direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. This is so even if

some parties to the action are not parties to the arbitration agreement. In light of the acknowledgments made by defendants regarding arbitration costs and fees, which this court deems to be stipulations, the Agreement between plaintiff and the corporate defendants is valid and enforceable. Defendants' Motion to Compel Arbitration and Stay Proceedings [12] is GRANTED as titled: arbitration as contemplated by the Agreement between plaintiff and the corporate defendants is compelled. This action, including any claim against a party who is not subject to the arbitration terms of the Agreement, is stayed. Defendants shall initiate arbitration. If arbitration is subsequently deemed to be untimely, any party to this action shall be permitted to petition to lift this court's stay, subject to the terms described within the body of this ruling. If the action proceeds to arbitration, counsel for plaintiff shall be responsible for advising the court as to when the stay for all non-arbitrable claims should be lifted.

    IT IS SO ORDERED.

    DATED this __24__ day of April, 2008.

                                   /s/ Ancer L. Haggerty
                                      Ancer L. Haggerty
                                   United States District Judge